UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNY YOO COLLECTION, INC., | |
| Plaintiff, | **ORDER** |
| v. | 18 Civ. 9926 (PGG) |
| DAVID'S BRIDAL, INC. and CLAYTON, DUBILIER & RICE, LLC, | |
| Defendants. | |

PAUL G. GARDEPHE, U.S.D.J.:

In an October 21, 2019 letter, Defendants seek permission to move for partial summary judgment. (Dkt. No. 81) Pursuant to the operative Case Management Plan and Scheduling Order (Dkt. No. 52), any party "seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by March 27, 2020." The Court declines to modify this schedule and will not entertain seriatim summary judgment motions. Defendants' application is denied. See Jacovitz v. Regency Mar. Corp., No. 93 Civ. 2719 (DLC), 1994 WL 525952, at *1 (S.D.N.Y. Sept. 27, 1994) ("[P]iecemeal litigation of summary judgment motions should be discouraged. . . .").

In a second October 21, 2019 letter (Dkt. No. 80), Defendants move to preclude the testimony of Jeffrey Trexler (whom Plaintiff has identified as an expert witness) and Kay Chin (whom Plaintiff has identified as an expert and fact witness). Defendants' application is premature, and is denied without prejudice to renewal upon the completion of expert discovery. See, e.g., Giordano v. PGT Indus., Inc., No. 04 Civ. 9246 (WCC), 2007 WL 4233002, at *4 n.2 (S.D.N.Y. Nov. 30, 2007) ("Defendants also argue that [an expert's] evidence should be disregarded because it does not meet the requirements of Daubert . . . and because [the expert] is

unqualified. As defendants have not yet deposed [him], a final decision on these issues would be premature. . . .").

In a joint letter dated October 30, 2019 (Dkt. No. 92), the parties seek clarification as to whether testimony may be offered at the scheduled November 13, 2019 claim construction hearing. If the Court permits the parties to offer testimony, both sides request a 30-day adjournment of the hearing. (Id.; Dkt. No. 94)

"The form a Markman hearing takes lies in the sound discretion of the Court." Joao v. Sleepy Hollow Bank, 418 F. Supp. 2d 578, 580 (S.D.N.Y. 2006), aff'd sub nom., 445 F. App'x 359 (Fed. Cir. 2011). Here, the Court will permit the parties to offer testimony and other evidence at the claim construction hearing. Pursuant to the parties' request for an adjournment, the hearing previously scheduled for November 13, 2019 will take place on **January 3, 2020 at 9:30 a.m.**

Plaintiff has noticed Chin's deposition for November 7 and 8, 2019, in Hawaii. In the October 30, 2019 joint letter (Dkt. No. 92), Defendants seek an order precluding Chin's deposition from proceeding at that time. Defendants argue, inter alia, that Plaintiff has not produced required discovery materials. In response, Plaintiff contends that it has produced "all relevant non-privileged materials" pertaining to Chin. (Id.) Plaintiff's language suggests that it is withholding relevant documents on grounds of attorney-client privilege.

Based on the record currently before the Court, it is not clear that Plaintiff has properly invoked the attorney-client privilege. See Fed. R. Civ. P. 26(b)(5). Moreover, any direct communications between Plaintiff and Chin do not appear to be privileged. See Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 72 (S.D.N.Y. 2010) (communications with patent agent are not privileged unless the agent "is supervised directly by an attorney and . . . the

communications were intended to remain confidential"); Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 519 (S.D.N.Y. 1992) ("[I]f the patent agent is not acting for an attorney, the privilege cannot be invoked. . . ."). Even if the communications between Plaintiff and Chin would otherwise be privileged, Plaintiff would waive that privilege by calling Chin as an expert witness. See, e.g., Herrick Co. v. Vetta Sports, Inc., No. 94 CIV. 0905 (RPP), 1998 WL 637468, at *1 (S.D.N.Y. Sept. 17, 1998) ("Skadden has elected to name Wolfram as an expert witness for trial, and it is well established that a party waives the attorney-client and work product privileges whenever it puts an attorney's opinion into issue, by calling the attorney as an expert witness or otherwise."); Multiform Dessicants, Inc. v. Stanhope Prod. Co., 930 F. Supp. 45, 47 (W.D.N.Y. 1996) ("In the context of patent litigation, several cases have held that where a party suing for infringement or defending against a claim of invalidity of its patent designates the attorney who prosecuted the patent as its expert witness to testify at trial, the party has waived any attorney-client privilege or work product protection from disclosure of information pertaining to the subject matter of the expert's opinion.").

In the event that Plaintiff intends to press its claim of privilege, it is directed to submit – by **November 12, 2019** – an explanation of why privilege applies to its communications with Chin, along with supporting legal authority. Plaintiff's submission should include a privilege log, along with a copy of any relevant and responsive documents withheld on privilege grounds for this Court's in camera review. In the event that Plaintiff decides not to press its claim of privilege, Plaintiff will produce all relevant and responsive documents concerning Chin to Defendants by **November 12, 2019**. Chin's deposition will not proceed until the issues regarding discovery of Chin-related materials are resolved.

Finally, in a November 1, 2019 joint letter (Dkt. No. 94), the parties request a three-month extension of the dates set forth in the operative Case Management Plan and Scheduling Order (Dkt. No. 52). The parties represent that this adjournment will afford them time to "resolve the discovery dispute" concerning Chin and "conduct any additional depositions that may be necessary or relevant to claim construction." (Dkt. No. 94 at 1-2). The current scheduling order (Dkt. No. 52) requires that fact discovery, including depositions, be complete by November 22, 2019. That deadline is extended to **December 23, 2019**.

The Clerk of Court is directed to terminate Docket Numbers 80, 81, 92, and 94.

Dated: New York, New York
November 5, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge